IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:21-cr-111 |
| REGINALD JAVA BROWN | |
| Defendant. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's July 19, 2022, Report and Recommendation, (doc. 555), to which Defendant Reginald Java Brown has objected, (doc. 566). For the following reasons, the defendant's objections are **OVERRULED**, and his Motion to Suppress is **DENIED**.   (Doc. 335.)

The defendant moves to suppress evidence seized from his house pursuant to a search warrant, arguing the warrant was not supported by probable cause.  (Doc. 555, p. 1.)  The Magistrate Judge recommends denying the motion because the affidavit in support of the search warrant provided a reasonable basis for the issuing magistrate to conclude that defendant might keep evidence of his crimes at his home, thereby providing the necessary probable cause.  (Id., pp. 6-8.)   The issues raised in the defendant's objection largely mirror the arguments made in his briefing before the Magistrate Judge.   (Compare doc. 566, pp. 1-3, with doc. 541, pp. 2-4.)

Brown does specifically challenge the Report and Recommendation's finding that the "search warrant's affidavit sufficient[ly] links the residence with Brown's suspected criminal activity."  (Doc. 566, p. 3.)  He suggests that this finding is erroneous, because "the affidavit never sets out any facts or their reliability whatsoever to establish *how* or *why* officers could

conclude that . . . Brown came and went from his residence to conduct drug deals." (Id., pp. 3-4.) However, the Magistrate Judge's review of the affidavit reveals details about suspected drug resupply meetings, observed by officers, between Brown and his suspected supplier Williams. (Doc. 555, pp. 6-7.) The information about the meetings came directly from communications intercepted by agents, a fact revealed to the issuing magistrate. (Id., p. 2.) Williams' vehicle was tracked to the area of Brown's house during at least two of these suspected drug supply meetings. (Id., pp. 6-7.) On one occasion, Williams' vehicle was tracked to Brown's residence directly following Williams' meeting with his own suspected supplier. (See doc. 530-2, p 3.) Agents suspected Williams was delivering a "large amount of suspected cocaine" to his distributor Brown, based, in part, on the intercepted communications. (Id.) The affidavit, therefore, contains enough information to provide a "substantial basis" for the issuing magistrate's determination of probable cause. Illinois v. Gates, 462 U.S. 213, 238 (1983).

Defendant also objects to the Magistrate Judge's recommendation that the good faith rule described in United States v. Leon, 468 U.S. 897, 913 (1984), applies. (Doc. 566, pp 6-7.) However, as the Report and Recommendation explains, given the Court's determination that the search warrant was based on probable cause, the officer's reliance on the warrant was not unreasonable. (Doc. 555, p. 9-10.) Defendant again argues that the passage of time between officers observing Williams' vehicle at his residence and the issuance of the search warrant renders the good faith rule inapplicable. The Magistrate Judge already confronted this argument, finding that the "facts in the affidavit suggest an ongoing drug operation, including continuous suspected resupply meetings, [such that] the information in the affidavit was not stale." (Doc. 555, p. 7-8, n. 4.) The Defendant does not specifically object to that finding. (See doc. 566, p. 6.)

Therefore, the eight days that elapsed between the officers' observation of Williams at Brown's house and the officers executing the search warrant do not foreclose application of the <u>Leon</u> rule.

For the foregoing reasons, the defendant's objections are **OVERRULED**, and the Court **ADOPTS** the Report and Recommendation as its opinion.  (Doc. 555.)   The Defendant's Motion to Suppress is **DENIED**.   (Doc. 335.)

**SO ORDERED**, this 8th day of August, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA